UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

      Plaintiff,

v.                                                    Case No. 19-cr-255 (JNE/TNL) (2)
                                                    ORDER

Kenneth Arthur Bennett,

      Defendant.

This matter is before the Court on Defendant's Motion for Compassionate Release from Custody under 18 U.S.C. § 3582(c)(1)(A).[1] ECF No. 133. The Court denies the motion for the reasons stated below.

## BACKGROUND

Defendant was recruited to transport about thirty pounds of methamphetamine from California to Minnesota in exchange for $7,000. Once in California, Defendant and his co-defendant concealed the methamphetamine in their vehicle and began driving to Minnesota. They were stopped by the Colorado State Patrol, which located and seized the methamphetamine. Defendant was detained pending trial. On February 24, 2020, Defendant pleaded guilty to conspiracy to distribute a controlled substance in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846.

---

[1] Defendant has also moved to seal the exhibits containing his medical records. ECF No. 136. The government has not opposed the motion and filed an exhibit containing Defendant's medical records under seal. *See* ECF No. 139. Defendant's Motion to Seal is granted. The Clerk of Court is directed to seal ECF Nos. 135 and 139 indefinitely.

1

Pending his sentencing, the Court released Defendant in response to the risks he faced from the COVID-19 pandemic. On September 23, 2020, the Court sentenced Defendant to forty-two months' imprisonment and three years' supervised release. Again, in response to the risks COVID-19 posed to Defendant, the Court allowed Defendant to voluntarily surrender to the Bureau of Prisons ("BOP") on November 5, 2020.

Having served less than half of his sentence, Defendant now moves for compassionate release. Defendant argues the following conditions, in connection with the COVID-19 pandemic, justify his release: chronic obstructive pulmonary disease ("COPD"), psoriasis, arthritis, hyperlipidemia, congenital deformity of feet, chronic periodontitis, pain in the left shoulder, an enlarged prostate, ongoing pain after hernia operations, a BMI around twenty-nine, a history of substance abuse, a history of smoking, and the risks of developing lung cancer and diabetes. Defendant also cites his age and race as a Native American.

Defendant is currently in the custody of the BOP at the Federal Prison Camp in Duluth, Minnesota ("FCP-Duluth"). The BOP began distributing COVID-19 vaccines at FPC-Duluth earlier this year; 143 inmates and fifty-three staff members are fully inoculated. *See COVID-19*, Fed. BOP, https://www.bop.gov/coronavirus (last visited May 27, 2021). No inmates at FCP-Duluth are positive for COVID-19, though one staff member has tested positive for the virus. *Id.*

## DISCUSSION

A court "may not modify a term of imprisonment once it has been imposed" except pursuant to certain statutory exceptions. 18 U.S.C. § 3582(c). One exception to

this rule is compassionate release. *Id.* § 3582(c)(1)(A). The defendant has the burden of establishing he or she is eligible for compassionate release. *United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016). A defendant may seek relief directly from the court after the defendant has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ." 18 U.S.C. § 3582(c)(1)(A). After considering the applicable sentencing factors in 18 U.S.C. § 3553(a), a court may reduce a defendant's sentence if "extraordinary and compelling reasons warrant such a reduction" and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.*

I. **Exhaustion**

Defendant requested relief from the warden on January 4, 2021. Defendant stated that his COPD and emphysema placed him at high risk based on the criteria of the Centers for Disease Control and Prevention ("CDC"). The warden denied Defendant's administrative request on January 5, 2021.

The government argues the Court should deny Defendant's compassionate release motion without prejudice insofar as it is based on conditions other than COPD and emphysema because § 3582(c)(1)(A)'s exhaustion requirement is issue-specific. The government provides several cases to support its assertion that the exhaustion requirement is issue-specific. Yet, in each case the government cites the BOP was unaware the defendant was requesting release in light of COVID-19. *See e.g., United States v. Valenta*, Crim. No. 15-161, 2020 WL 1689786, at *1 (W.D. Pa. Apr. 7, 2020)

(finding the defendant's pre-COVID-19 administrative request did not exhaust his administrative remedies regarding the COVID-19 virus).[2] Here, Defendant's reference to the CDC's criteria made clear he was requesting release based on his health conditions in light of the COVID-19 pandemic.

This Court has previously found that § 3582 "does not require 'that the reasons presented to the warden must mirror those presented to the district court.'" *United States v. Alkamel*, No. 18-cr-158, slip op. at 3 (D. Minn. Dec. 2, 2020) (quoting *United States v. Brown*, 457 F. Supp. 3d 691, 697 (S.D. Iowa 2020)). The Court relied on *Brown*, 457 F. Supp. 3d at 697, which in turn relied on the Supreme Court's reasoning in *Sims v. Apfel*, 530 U.S. 103 (2000). In *Sims*, the Supreme Court warned against reflexively applying issue exhaustion to the judicial review of agency decisions, at least where such exhaustion was not mandated by statute. 530 U.S. at 108-110. Rather, "the desirability of a court imposing a requirement of issue exhaustion depends on the degree to which the analogy to normal adversarial litigation applies in a particular administrative proceeding." *Id.* at 109. The Supreme Court found issue exhaustion inappropriate in social security proceedings because the parties lack representation and it is the administrative law judge's duty to investigate the facts and arguments. *Id.* at 110-12. Accordingly, in *Alkamel*, this Court deemed issue exhaustion inappropriate "because

---

[2] Even in this situation, other courts have found the exhaustion requirement was satisfied. *Miller v. United States*, 453 F. Supp. 3d 1062, 1065 (E.D. Mich. 2020); *United States v. Coker*, No. 3:14-CR-085, 2020 WL 1877800, at *3 (E.D. Tenn. Apr. 15, 2020).

§ 3582 contains no such requirement and BOP compassionate release requests are not adversarial proceedings." slip op. at 3-4 (quoting *Brown*, 457 F. Supp. 3d at 687).

Since *Alkamel* was decided, only one circuit has addressed the issue. In *United States v. Williams*, the Seventh Circuit held that § 3582(c)(1)(A) requires a defendant "to present the same or similar ground for compassionate release in a request to the Bureau as in a motion to the court." 987 F.3d 700, 703 (7th Cir. 2021). The Seventh Circuit reasoned that the purpose of the exhaustion requirement was to provide the BOP with the information necessary to move for release on a defendant's behalf. *Id.* The Seventh Circuit also relied on a BOP regulation requiring that the administrative request include the "extraordinary or compelling circumstances that the inmate believes warrant consideration." *Id.* (citing 28 C.F.R. § 571.61(a)(1)).[3] However, in *Williams* the BOP was again unaware the defendant was moving for release in light of COVID-19. *Id.* The defendant in *Williams* had filed a request for release with the BOP based on alleged trial errors but filed a compassionate release motion with the district court based on COVID-19. *Id.*

Here, even though Defendant's administrative request did not mention each and every condition Defendant possessed, the request gave the BOP the first chance to review Defendant's circumstances in light of COVID-19 and move for release on his behalf if it wished to do so. Regardless, the Court need not decide whether Defendant properly exhausted his administrative remedies in relation to each condition he alleges. *See id.* at

---

[3] The Seventh Circuit also conceded that this regulation was implemented before Congress permitted defendants to move for release on their own. *Id.*

5

702. Even considering all of the conditions Defendant puts forward in his motion, Defendant has not provided an extraordinary and compelling reason justifying his release and the § 3553(a) sentencing factors weigh against his release.

II.     **Extraordinary and Compelling Reasons**

The Sentencing Commission has published a policy statement defining what reasons are so "extraordinary and compelling" as to justify a defendant's release. U.S.S.G. § 1B1.13 cmt. n.1. At the time the policy statement was written, only the BOP could request compassionate release on a defendant's behalf. The Sentencing Commission has not published a policy statement defining "extraordinary and compelling" reasons since Congress made compassionate release available on a motion by a defendant. *See id.* § 1B1.13 cmt. n.1; *United States v. Loggins*, 966 F.3d 891, 892 (8th Cir. 2020); *United States v. Rodd*, 966 F.3d 740, 746 (8th Cir. 2020). Courts have disagreed over whether the current policy statement, § 1B1.13, and its application notes apply to compassionate release motions by defendants. *Rodd*, 966 F.3d at 745. Several courts of appeals have held that § 1B1.13 does not apply to compassionate release motions by defendants. *E.g.*, *United States v. Brooker*, 976 F.3d 228, 234 (2d Cir. 2020); *United States v. Jones*, 980 F.3d 1098, 1110 (6th Cir. 2020); *United States v. Gunn*, 980 F.3d 1178, 1180 (7th Cir. 2020); *United States v. McCoy*, 981 F.3d 271, 284 (4th Cir. 2020). The Eighth Circuit has not resolved the issue. *Loggins*, 966 F.3d at 892; *Rodd*, 966

F.3d at 747; *see also United States v. Gater*, No. 20-2158, 2021 U.S. App. LEXIS 15325, at *4 (8th Cir. May 24, 2021).

As an initial matter, the Court was aware of the COVID-19 pandemic, as well as Defendant's COPD, psoriasis, arthritis, history substance abuse, age, and race when it sentenced Defendant. While Defendant's COPD impacted him more severely in the beginning of 2021, Defendant made no complaints concerning his COPD after March 2021. Defendant's March 2021 chest x-ray shows that his lungs are clear. When addressing a motion for compassionate release, the Court distinguishes between facts that existed at the time of sentencing and facts that arose after sentencing. "Congress initially enacted § 3582(c)(1) to give the BOP the authority to seek—and courts the authority to grant—compassionate release when such release was warranted by factual developments that occurred after sentencing." *United States v. Logan*, No. 97-CR-0099(3), 2021 WL 1221481, at *5 (D. Minn. Apr. 1, 2021). Section 3592(c)(1) was not enacted to allow courts to "second-guess sentencing decisions." *Id.* The Court will not second-guess its sentencing decision based on the COVID-19 pandemic and Defendant's COPD, psoriasis, arthritis, history of substance abuse, age, or race.

Defendant's remaining conditions do not rise to the level of "extraordinary and compelling" to justify his release. The CDC has found that particular conditions can increase the risk of becoming severely ill from COVID-19. *See People with Certain Medical Conditions*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last updated May 13, 2021). The CDC does not include hyperlipidemia, foot deformity, chronic periodontitis, shoulder pain, an

enlarged prostate, or post-surgery pain. *Id.* Nor do the risks of developing lung cancer or diabetes in the future increase the likelihood of serious illness from COVID-19. *See id.* Conversely, Defendant's BMI and history of smoking can increase the risk of severe illness from COVID-19. *Id.* However, in Defendant's case these conditions are not so "extraordinary and compelling" as to justify Defendant's release. No inmates at FPC-Duluth are currently positive for COVID-19. Moreover, around half of the inmates at FPC-Duluth are fully inoculated from COVID-19. The Court anticipates that if Defendant has not yet received the vaccine, he will have the opportunity to receive it soon.

In his reply, Defendant also presents his father's hospice circumstances as an "extraordinary and compelling" reason justifying his release. Though the Court is sympathetic, these circumstances do not justify a reduction of Defendant's term of imprisonment under § 3582(c)(1)(A). *See* 18 U.S.C. § 3622(a)(1) (allowing the BOP to temporarily release a prisoner to visit a dying relative).

### III. General Sentencing Factors

When analyzing the § 3553(a) factors, the Court considers "the most up-to-date picture" of Defendant's history and characteristics. *Pepper v. United States*, 562 U.S. 476, 490-93 (2011). Less than a year has passed since the Court sentenced Defendant. The general sentencing factors in 18 U.S.C. § 3553(a) continue to weigh in favor of a forty-two-month term of imprisonment.

Defendant's release pending sentencing and voluntary surrender show that Defendant is not a danger to society. Nevertheless, Defendant's term of imprisonment is necessary to promote respect for the law and provide just punishment for Defendant's

offense. 18 U.S.C. § 3553(a)(2)(A). Defendant's term of imprisonment is also necessary to afford "adequate deterrence" to Defendant's criminal conduct as Defendant has a history of committing felonies and a pattern of violating the terms of his supervised release. *See id.* § 3553(a)(1), (a)(2)(B). Furthermore, releasing Defendant now would create unwarranted sentencing disparities with Defendant's co-defendant. *See id.* § 3553(a)(6).

## CONCLUSION

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. Defendant's Motion for Compassionate Release from Custody [ECF No. 133] is DENIED.

2. Defendant's Motion to Seal [ECF No. 136] is GRANTED.

3. The Clerk of Court is directed to seal ECF Nos. 135 and 139.

Dated: June 7, 2021

s/ Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge
